UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORRAINE FEE, | |
| Plaintiff, | Case No. 2:06-CV-762-KJD-PAL |
| v. | **ORDER** |
| WAL-MART STORES, INC. a Foreign Corporation, JEFF LACKEY GRADING, INC., a domestic corporation, JAYNES CORPORATION, a foreign corporation, DOE Individuals I-X, and ROE Entities I-X, Inclusive. | |
| Defendants. | |

Currently before the Court is Plaintiff's Motion to Remand (#5) and for Attorney's Fees (#6). Defendant Wal-Mart ("Defendant") filed a Response to Plaintiff's Motion to Remand and to the Motion for Fees and Costs (#11). Plaintiff did not file a Reply.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff's Motion to Remand is based on the alleged failure of Defendant to timely file the Notice of Removal. For removal based on diversity of citizenship it is necessary to show complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See Lively v. Wild Oat Markets, 456 F.3d 933 (9th Cir. 2006)(citing 28 U.S.C. § 1332 and 1441(b)).

1   It is undisputed that Defendant was on notice of diversity of citizenship with the filing of the
2   complaint in state court on December 27, 2005.  However, the parties disagree when Defendant first
3   became aware of a pleading or paper from which it could be ascertained that the amount in
4   controversy was in excess of $75,000, and that the case was thus subject to removal to federal court.
5       Plaintiff's state court complaint alleged three causes of action based on negligence and
6   premises liability, praying in excess of $10,000.00 as general and special damages for each cause of
7   action.  Based on this pleading, the action was placed in the state court arbitration program, with a
8   damages cap of $50,000.00.  On February 8, 2006, Plaintiff filed a Request for Exemption from
9   Arbitration, alleging that the case involves an amount in the excess of $40,000.00 without interest
10  and costs.  The reasons given for this were: 1) at that date, Plaintiff's medical expenses had already
11  totaled $40,260.98; and 2) Plaintiff expected to continue incurring medical expenses for future
12  treatments, wage loss, and pain and suffering.  The Request for Exemption was granted on February
13  27, 2006.
14      On April 21, 2006, the parties attended an Early Case Conference, pursuant to NRCP Rule
15  16.1.  On April 24, 2006, Plaintiff submitted a draft Joint Case Conference Report to Defendant,
16  stating that the medical expenses she had incurred totaled $55,939.98 and that she would continue to
17  incur "extensive medical expenses," wage loss, and pain and suffering.  Plaintiff states that the
18  Petitioner should have been on notice that the jurisdictional amount was in excess of $75,000 on
19  April 21, 2006, the day of the Early Case Conference or, at the latest, on April 24, 2006, the date the
20  draft of the Early Case Conference report was received.  The parties filed their Joint Case
21  Conference Report on May 24, 2006. That document also recited medical and special damages
22  totaling $55, 939.98 and included the statement concerning ongoing medical expenses, wage loss
23  and pain and suffering.
24      On June 7, 2006, Plaintiff served all the parties with Plaintiff's Second Supplemental
25  Production of Documents and Witness List, pursuant to NRCP 16.1.  This report itemized the
26  Plaintiff's medical costs at $111,932.76.

On June 21, 2006, Defendant filed its Notice of Removal. Thereafter, Plaintiff filed her Motion to Remand, citing Defendant's failure to file its Petition for Removal to Federal Court within 30 days following receipt of a pleading from which it could be ascertained that the case is one which is or has become removable pursuant to 28 U.S.C. § 1446(b), and alleging that date to be April 21, 2006, or April 24, 2006, at the latest. Defendant argues that Plaintiff's Second Supplemental Production of Documents and Witness List of June 7, 2006, is the first pleading or other document from which it could be ascertained that amount in controversy exceeds $75,000, and that only then did the case become removable on diversity grounds.

Plaintiff also asserts as an additional ground for remand that defendant failed to obtain the consent of all defendants to the removal, arguing that this procedural defect necessitates remand. Defendant contends that it cured the procedural defect when it filed its Amended Petition for Removal on July 21, 2006, a date within 30 days following the filing of the original Petition for Removal. The Amended Petition for Removal contained the consent of all defendants in accordance with the rule of unanimity.

Plaintiff requests $1,500.00 in attorney's fees pursuant to 28 U.S.C.1447(c), authorizing the court to include in its order of remand, an award of "just costs and any actual expenses, incurred as a result of removal.

**II. LEGAL STANDARD**

A. Timeliness of the Motion for Removal

A party that files a notice for removal of a civil action or proceeding must file it within thirty (30) days after the defendant receives a copy of the initial pleading that sets forth the claim for relief upon which the action is based. 28 U.S.C. §1446(b). If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after the receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Id.

1  Notice of removability under §1446(b) is determined based on "the four corners of the
2  applicable pleadings, not through subjective knowledge or a duty to make a further inquiry." Harris
3  v. Bankers Life and Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005).  The second thirty-day removal
4  applies when the case stated by the initial pleading is not removable because there are details that are
5  omitted, obscured, or misstated.  Id.  A defendant will then have thirty days from the revelation of
6  grounds for removal in an amended pleading, motion, or order, or other paper to file its notice of
7  removal.  Id.  The statute does not preclude defendants from removing a case when the facts
8  disclosing the grounds for removal were not adequately stated in the complaint.  Id at 695.

9  Here, Defendant was unable to ascertain from any pleading or other document that the
10 amount in controversy actually exceeded $75,000 until June 7, 2006, when Plaintiff served all of the
11 parties with the Second Supplemental Production of Documents and Witness List.  This document
12 allowed Defendant to ascertain removability conclusively, as opposed to subjectively, from the Joint
13 Case Conference Report that Plaintiff argues should be the "first paper" that showed Defendant that
14 this case would be removable.  The Second Supplemental Production of Documents and Witness
15 List had an itemized list of medical treatments Plaintiff had already received, the total cost of which
16 was listed at $111,932.76, clearly exceeding the $75,000 jurisdictional requirement.  Previously,
17 Plaintiff had made statements alleging medical treatments that totaled $55, 939.98, in addition to
18 future treatments, wage loss, and pain and suffering.  However; the actual medical treatments were
19 not documented, and the totals for future treatments, wage loss, and pain and suffering were not
20 given a specific number, nor did Plaintiff provide any documents that establish the amounts in
21 question for each one of these claims.

22 As stated, in the context of removal it is not the burden of the defendant to speculate, assume
23 or postulate what the plaintiff may be thinking the case is worth.  Without any concrete facts, and no
24 real estimates of how much future medical costs, wage loss, and pain and suffering would be,
25 Defendant was not able to ascertain the amount in controversy based on any of the papers filed prior
26 to the Second Supplemental Production of Documents and Witness List. Defendant then had thirty

days from June 7, 2006 to file a Petition for Removal . Defendant filed a timely petition on June 21, 2006. Therefore, the motion to remand is denied.

### B. Unanimity of Defendants in the Notice for Removal

The rule of unanimity requires that all defendants who have been served must either join in the removal, or file a written consent to the removal. Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), *overruled on a different point of law,* Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006). If all of the defendants have not joined in the removal action, the removing party has the burden to affirmatively explain the absence of any co-defendants in the notice for removal. Id. If all of the defendants have not joined in the removal action, and there has been no affirmative explanation for the absence of the other defendants, the removal notice is facially deficient, and defendants have a thirty day statutory period to cure this defect. Id.

In this case, Defendant Wal-Mart properly cured its Notice of Removal within the thirty day period. While the original Notice and Petition for Removal, which was filed on June 21, 2006, failed to address the unanimity requirement, by July 21, 2006, all of the Defendants had filed written consent to the Removal.

Plaintiff argues that the 30-day statutory period should have commenced on June 7, 2006, when defendants were put on notice that the amount in controversy was sufficient to allow for removal to federal court. However, the thirty-day statutory period begins with the filing of the Notice of Removal, instead of the date that it became apparent that removal was proper. See Prize, 167 F.3d at 1266. Because all of the defendants consented to the removal by July 21, 2006, which is within thirty days from the filing of the original Motion for Removal, the defect was cured within the authorized thirty day period. Accordingly, Plaintiff's Motion to Remand based on Defendant's failure to obtain the consent of all the defendants is denied.

///

///

C. Request for Attorney's Fees

Because Plaintiff's Motion for Remand is denied, Plaintiff's Motion for Attorney's Fees is denied as moot.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand to State Court (#5) is **DENIED;**

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees (#6) is **DENIED as moot.**

DATED this 31st day of October 2006.

_____
Kent J. Dawson
United States District Judge